IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRILYN HARRIS and <br> KOLBY HARRIS, <br><br> Plaintiffs, <br><br> <br><br> METROPOLITAN GOVERNMENT OF <br> NASHVILLE AND DAVIDSON <br> COUNTY and GENESIS LEARNING <br> CENTERS, <br><br> Defendants. | NO. 3:08-0859 <br> JUDGE HAYNES |

## MEMORANDUM

Plaintiffs, Terrilyn Harris and Kolby Harris, filed this pro se action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 et seq., against the Defendants: Metropolitan Government of Nashville and Davidson County ("Metro") and Genesis Learning Centers. Plaintiffs asserts claims under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment that would fall under 42 U.S.C. § 1983. Plaintiff, Terrilyn Harris is the mother and legal conservator of Kolby Harris who was a student in the Metro public school system.

According to Plaintiffs' complaint, in the winter of 2006, Terrilyn Harris attended two individualized education program ("IEP") meetings for Kolby Harris, that included, riding the bus and attending school at Genesis Academy. Id. Plaintiffs allege that on May 7, 2007 Kolby Harris was placed on a bus with another student named Gilbert Lopez, that led Kolby Harris being charge with rape. Id. Kolby Harris was subsequently incarcerated and committed to the Jordan Center. Id. Plaintiffs alleges that Kolby Harris is now no longer able "to get the education

he is entitled to and that he is well in need of." (Complaint at 5).

Although pro se pleadings are liberally construed, McNeil v. United States, 508 U.S. 106, 113 (1993), the pro se plaintiff must comply with relevant rules of procedural and substantive law. LRL Properties v. Portage Metro Housing Authority, 55 F.3d 1097, 1104 (6th Cir. 1995). The complaint need only provide fair notice of what plaintiff's claim is and the grounds upon which it rests. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Lillard, 76 F.3d at 726 (citations omitted).

The IDEA has an exhaustion requirement before a court may entertain a claim under that Act.

> Nothing is this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the American with Disabilities Act of 1990 [42 U.S.C.A. §12101 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 14155(I).

In Crocker v. Tennessee Secondary School Athletic Ass'n, 873F.2d 933 (6th Cir. 1989) the Sixth Circuit stated as to the IDEA's exhaustion requirement:

> The policies underlying this exhaustion requirement are both sound and important. States are given the power to place themselves in compliance with the law, and the incentive to develop a regular system for fairly resolving conflicts under the Act. Federal courts-generalists with no expertise in the educational needs of handicapped students-are given the benefit of expert factfinding by a state agency devoted to this very purpose. Such a mechanism is necessary to give effect to a fundamental policy underlying the EHA: "that the needs of handicapped children are best accommodated by having the parents and the local

2

education agency work together to formulate an individualized plan for each handicapped child's education." Smith v. Robinson, 468 U.S. at 1012, 104 S.Ct. at 3468. Were federal courts to set themselves up as the initial arbiters of handicapped children's educational needs before the administrative process is used, they would endanger not only the procedural but also the substantive purposes of the Act.

Id. at 938. (citations and quotations marks omitted).

Disputes over disciplinary practices within a school district can be encompassed by the IDEA. See Hayes v. Unified Sch. Dist. No. 377, 877 F.2d 809, 812-13 (10th Cir. 1989). Plaintiff's IDEA claims are not shown to have been exhausted in the administrative process and the Court concludes that it lacks authority to entertain the Plaintiff's IDEA claims.

As to Plaintiff's Fourteenth Amendment claims, Plaintiff has not described how Kolby Harris was allegedly deprived of due process or equal protection. Plaintiff has not alleged facts evincing a policy or custom existed which resulted in the deprivation of any right of Kolby Harris nor disparate treatment based upon his race that is required. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

As to a claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 121.01 et seq. under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities or a public entity, or be subject to discrimination by such an entity." 42 U.S.C. § 12132. To state an ADA claim, Plaintiff must be a person with a disability and must be excluded from participation in or denied the benefits of that program or otherwise subjected to discrimination by reason of his or her disability. Dow v. Woodford County Bd. of Educ., 213 F.2d 921, 925 (6th Cir. 2000).

3

Here, Plaintiff has not described any relevant program from which Kolby Harris was allegedly excluded as a result of his disability and nor alleged that such an exclusion was based on his disability.

For these reasons, the Court concludes that Plaintiffs' IDEA claims must be dismissed for Plaintiffs' failure to exhaust administrative remedies. Plaintiffs' constitutional and ADA claims should be dismissed for failure to state bases upon which relief can be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 25th day of February, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge