IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRILYN HARRIS and<br>KOLBY HARRIS, | )<br>)<br>) | NO. 3:08-0859 |
| Plaintiffs, | )<br>)<br>) | JUDGE HAYNES |
| METROPOLITAN GOVERNMENT OF<br>NASHVILLE AND DAVIDSON<br>COUNTY and GENESIS LEARNING<br>CENTER, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**M E M O R A N D U M**

Plaintiffs, Kolby Harris, who is mentally disabled, by Terrilyn Harris, his adoptive mother, filed this pro se action originally under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 et seq., and 42 U.S.C. § 1983 against the Defendants: Metropolitan Government of Nashville and Davidson County ("Metro") and Genesis Learning Center ("Genesis"). Plaintiffs' claims arise out of Kolby Harris's assault of a victim on a school bus for which the Defendants allegedly failed to provide security. In essence, Plaintiffs alleged that the Defendants' failed to adhere to Kolby Harris's individual education plan ("IEP") that required an aid to accompany Kolby Harris due to his history of assaults. Plaintiffs also asserted Section 1983 claims under the Fourteenth Amendment.

In earlier proceedings, the Court granted the Defendants' motions to dismiss Plaintiffs' IDEA claim for failure to exhaust administrative remedies and dismissed their Section 1983 claim for failure to allege facts of any policy or custom that violated Plaintiffs' right nor to state a claim of disparate treatment. (Docket Entry No. 22, Memorandum).

Plaintiffs later secured counsel who moved to set aside the Order of dismissal and to file an amended complaint. The Court granted leave to file the amended complaint, but reserved the motion to set aside. (Docket Entry Nos. 30 and 32). The Court also granted Plaintiffs' motion to amend the complaint to reflect Terrilyn Harris as a plaintiff in her individual capacity.

In their amended complaint, Plaintiffs assert claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12132 and 12133, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) and 42 U.S.C. § 1983. Plaintiff Kolby Harris also asserted claims under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 et seq., as well as common law claims of negligence. Plaintiff Terrilyn Harris asserts a claim for loss of consortium. Plaintiffs seek compensatory and punitive damages as well as an order for the Defendants to implement appropriate policies.

After review of the amended complaint, the Court had dismissed Plaintiffs' IDEA claims for lack of exhaustion of administrative remedies and then dismissed the factually interrelated ADA and Rehabilitation Act claims, citing S.S. v. Eastern Kentucy Univ., 532 F.3d 445, 449 (6th Cir. 2008). (Docket Entry No. 37). The Court also declined to exercise its supplemental jurisdiction over Plaintiff's TGTLA and state common law claims, but ordered the Defendants to respond to Plaintiffs' Section 1983 claims. Id.

Before the Court are the Defendant Metro's motion to dismiss (Docket Entry No. 38) and Defendant Genesis's motion to dismiss (Docket Entry No. 40). Metro contends, in sum, that Plaintiffs failed to specify the due process right violated; that Plaintiff failed to allege facts of an affirmative act or policy of Metro to create any special danger or relationship; and that Plaintiffs' factual allegations do not satisfy requirements for a failure to train. Genesis contends that it is

2

not a state actor for Plaintiffs' Section 1983 claims and that Terrilyn Harris, as conservator, lacks the authority to assert any claims on behalf of her son.

Plaintiff, Terrilyn Harris, is the adoptive mother and legal conservator of Kolby Harris and filed the amended complaint[1] that alleges that Kolby Harris was a student in the Metropolitan Nashville public school system. For the Section 1983 claims, Plaintiffs allege the Defendants' failure to train school bus drivers and teachers, deliberate indifference to Kolby Harris's rights, and creation of a special danger without adequate precautions as due process claims under the Fourteenth Amendment.

For a Rule 12(b)(6) motion to dismiss, the Court must deny the motion if the complaint's factual allegations "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). "[T]he allegations of the complaint should be construed favorably to the pleader." Scheuer v Rhodes, 416 U.S. 232, 236 (1974) and the Court must "treat all of the well-pleaded allegations of the complaint as true." Miree v. Dekalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Yet, a legally sufficient complaint, "requires more than bare essentials of legal conclusions," Columbia Natural Resources, Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995), and the district court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Lillard v. Shelby Bd. of Edu., 76 F.3d 716, 726 (6th Cir. 1996) (citations omitted).

---

[1] An amended complaint supercedes the original complaint. Clark v. Tarrant County, 798 F.2d 736, 740-41 (5th Cir. 1986).

3

As to Plaintiffs' federal constitutional claims, Defendant Genesis argues that Terrilyn Harris lacks standing to bring this action on behalf of her son because she lacks authority under Tennessee law on her conservatorship to file this action. The Court addresses first Plaintiffs' standing to file this action that is controlling in this action.

The Honorable C. G. Neese, late Senior Judge in this District, held that parents in their individual capacities lack standing to recover for "damages for the unlawful arrest and incarceration of their son." Pierce v. Stinson, 493 F. Supp. 609, 611 (E.D. Tenn. 1979). As Judge Neese later observed:

> The plaintiffs have not cited, nor has the Court found, any authority permitting a husband to recover damages under 42 U.S.C. § 1983 for the deprivation by a third party of the civil rights of his wife. The law seems clear that one person may not sue, nor recover damages, for the deprivation of another person's civil rights.... This is not a survivorship situation where the action is brought by the personal representative of the decedent whose civil rights were allegedly violated. . . .
>
> In order to state a claim cognizable under 42 U.S.C. § 1983, a plaintiff must allege initially "that some person has deprived him of a federal right. . . ." The plain words of the statute impose liability only for conduct which subjects, or causes to be subjected, the complainant to the deprivation of a right secured to him by the Constitution and laws of the United States.... [and] offers relief only to those persons whose federal statutory or federal constitutional rights have been violated. . . ."

Jenkins v. Carruth, 583 F. Supp. 613, 616 (E.D. Tenn. 1982), aff'd., 734 F.2d 14 (6th Cir. 1984) (citations omitted and emphasis added).

The Tennessee law on conservatorship is statutory. See Tenn. Code Ann. § 34-3-101, et seq.; In re Buda, 252 B.R. 125, 129 (Bankr. E.D. Tenn 2000). "A conservator's authority to act on behalf of another is granted by a state court, the scope of a particular conservator's authority is defined by the orders entered by that appointing court, and the state's statutes govern that

4

authority." Buda, 252 B.R. at 128 (emphasis added). Conservatorship proceedings exist to protect the person and property of a disabled person. Id. at 130. A conservator is an "alter ago" of the ward and lacks authority to exercise any elective right of the ward. Id. In In Re Buda, the Bankruptcy Court dismissed a Chapter 11 bankruptcy case filed by co-conservators of disabled debtors because the co-conservators lacked specific authority and standing to commence a bankruptcy action on the debtors' behalf, id. at 133, despite the conservatorship's "broad spectrum of powers." Id. at 128. Because Tenn. Code Ann. § 34-3-107 limits the conservators' authority to act those acts specified in the Chancery Court's order, the Bankruptcy Court held that "the conservator lacked authority to filed the Debtors' petition and [the petition] must be dismissed." Id.

Under Tennessee law, the state court decides the best interest of the ward and "has an affirmative duty to ascertain and impose the least restrictive alternatives upon the disabled person that are consistent with adequate protection of the disabled person and the disabled person's property." Tenn. Code Ann. § 34-1-127. Tennessee's "public policy also favors allowing incapacitated persons to retain as much autonomy as possible and selecting alternatives that restrict incapacitated persons' autonomy as little as possible." In re Conservatorship of Groves, 109 S.W.3d 317 (Tenn. Ct. App. 2003). Thus, Tenn. Code Ann. § 34-3-107 requires that the conservatorship order to "[e]numerate the powers removed from the respondent and vested in the conservator" and "[t]o the extent not specifically removed, the respondent retains and shall exercise all powers of a person who has not been found to be a disabled person." Id.

Plaintiff Terrilyn Harris does not dispute that the state court Order appointing her as conservator does not authorize her to sue for Kolby Harris. As conservator, Terrilyn Harris may

5

only exercise authority specifically transferred by the state court's order. The Order simply provides, "Respondent is hereby declared unable to manage [sic] the affairs of his person and his estate and is in need of a Conservator to manage his estate and to make medical and personal decisions on his behalf . . . Terrilyn Harris is hereby appointed as Conservatory of Kolby Ryan Harris, without bond, and the clerk is directed to issue Letters of Conservatorship to such person." The Order appointing Terrilyn Harris Conservator does not include a provision that specifically transfers to her the right to sue for Kolby Harris nor does that Order contain a generic catch-all phrase authorizing legal action such as the "right to do any other act of legal significance." See Nave v. Nave, 173 S.W.3d 766, 772 (Tenn. Ct. App. 2005).

Thus, with the provisions of Tenn. Code Ann. § 34-3-101, the Court concludes that given the Conservatorship Order under which this action was filed, Terrilyn Harris lacks standing to bring this action on Kolby Harris's behalf. The Court has declined to exercise its supplemental jurisdiction over Terrilyn Harris's individual state law claims. Thus, this action should be dismissed without prejudice to the Harris's underlying claims for lack of standing.

An appropriate Order is filed herewith.

ENTERED this the ___ day of March, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge